# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| MATTHEW J. WARD, ) | Civil Action No.: 4:17-cv-0367-HMH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **ORDER** |
| ) | |
| JAMES BLACKWELL, Asst. Warden; ) | |
| TAMARA RAVENELL, Classification; ) | |
| and JACEK KICINSKI, Officer; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## I. INTRODUCTION

Plaintiff, who is proceeding pro se, brings this action under 42 U.S.C. § 1983, alleging that Defendant Jacek Kicinski violated his constitutional rights by failing to protect him during a prison fight and Defendants Tamara Ravenell and James Blackwell failed to properly supervise Kicinski. Presently before the court is Plaintiff's Motion for Extension of Time (Document # 49) and Motion to Compel (Document # 53). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

## II. DISCUSSION

The relief sought in Plaintiff's motion for extension of time is not entirely clear. He states that he served requests to admit and other discovery requests but had only received responses to the requests to admit. Plaintiff first states that he seeks an extension of time for "file all discovery requests pleading in this matter." He later states that he needs an additional twenty days to "file responses pleading in this matter and to discovery to have all motions on time." Finally, he states that the "additional time is required to investigate and adequately response to Defendant Kicinski allegations.

It is anticipated that an additional twenty days will allow ample time for plaintiff to respond to defendants Kicinski responses to Plaintiff's requests to admit." Because an additional twenty days would not have been sufficient to allow Plaintiff to serve any new discovery requests, given the scheduling order's requirement that "all discovery requests shall be served in time for the responses thereto to be served by [the deadline]," see Scheduling Order (Document # 39), it appears that Plaintiff seeks additional time to review Defendants' discovery responses and file any necessary motions.

Within the twenty days requested by Plaintiff, he subsequently filed a motion to compel Defendants Blackwell, Ravenell, and Kicinski to respond to his requests for production 1-4 and 8-10. Defendants filed a response in opposition to Plaintiff's motion stating that Plaintiff's discovery requests were directed only toward Kicinski and, thus, his objections to each of the requests at issue were appropriate because he is no longer employed by the South Carolina Department of Corrections and none of the requested documents were within his possession, custody or control. Defendants assert that Plaintiff did not serve any discovery requests on Blackwell or Ravenell. The court entered an order directing Plaintiff to file any evidence that he served discovery requests on Blackwell or Ravenell, but Plaintiff did not respond to the order.

Rule 34(a) permits a party to serve on any other party a request for the production of documents or things within that party's "possession, custody or control." Fed.R.Civ.P. 34(a). Documents are deemed to be within the possession, custody, or control of a party if the party has actual possession, custody, or control or the legal right to obtain the documents on demand. See Bleecker v. Standard Fire Ins. Co., 130 F.Supp.2d 726, 739 (E.D.N.C. 2000) ("[I]n order for the material to be discoverable, defendant must have some type of legal right to the material plaintiff seeks to discover."). The documents requested by Plaintiff include his medical records while in SCDC custody, incident reports regarding the incident at issue here as well as other inmate attacks, documents relating to

disciplinary proceedings against Defendants by SCDC, and "SCDC offender management system disciplinary system display (sic) plaintiff offense history." See Defendant Kicinski's Responses to Plaintiff's Requests for Production (Ex. to Pl. Motion to Compel). "Former employees of government agencies do not have 'possession, custody, or control' of documents held by their former employers." Lowe v. D.C., 250 F.R.D. 36, 38 (D.D.C. 2008); see also Bryant v. Armstrong, 285 F.R.D. 596, 607 (S.D. Cal. 2012) (denying motion to compel a former corrections officer to produce law library scheduling policies). Because Defendant Kicinski does not have possession, custody, or control of the documents requested by Plaintiff, his objections were proper and the court cannot compel him to produce the requested documents. Accordingly, Plaintiff's motion to compel is denied. However, his motion for extension of time is granted to the extent he needed additional time to file the motion to compel.

The court notes that Plaintiff has not filed a response to Defendants' motion for summary judgment. Plaintiff's response to Defendants' motion is due within ten days of the date of this order.

### III.  CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Extension of Time (Document # 49) is **GRANTED** and Motion to Compel (Document # 53) is **DENIED** as set forth above. **Plaintiff must file a response to Defendants' Motion for Summary Judgment (Document # 58) within ten days of the date of this order. Failure to file a response may result in a recommendation that Plaintiff's case be dismissed for failure to prosecute.**

**IT IS SO ORDERED.**

 Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December 21, 2017
Florence, South Carolina