UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Matthew J. Ward, | C/A No. 4:17-cv-00367-DCC |
| Plaintiff, | |
| vs. | ORDER |
| James Blackwell, Tamara Ravenell, Jacek Kicinski, | |
| Defendants. | |

This matter is before the Court on Defendants' Motion for Summary Judgment. ECF No. 58. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings. On February 6, 2018, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Plaintiff's claims against all Defendants in their official capacities be dismissed, that his claims against James Blackwell and Tamara Ravenell in their individual capacities be dismissed, and that his claim against Jacek Kicinski in his individual capacity survive the Motion. ECF No. 87. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report. Plaintiff and Defendants filed objections to the Report.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As an initial matter, neither Plaintiff nor Defendants object to the portion of the Report recommending that Defendants Motion be granted regarding Plaintiff's claims against them in their official capacities. Upon review of the record,[1] the applicable law, and the Report, the Court finds no clear error and agrees with the Magistrate's recommendation that Defendants are entitled to summary judgment with respect to this claim.

***Plaintiff's Objections***

Plaintiff objects to the recommendation that the Motion be granted with respect to his claims against Blackwell and Ravenell in their individual capacities. Plaintiff asserts that Blackwell and Ravenell should have known there was a high risk of injury as a result of double-celling inmates. ECF No. 90 at 1. Moreover, he contends that Blackwell and Ravenell failed to properly supervise and train Kicinski. *Id.* at 2. Finally, Plaintiff alleges that he is unable to show evidence of habit because the Court did not compel discovery as

---

[1] The Court notes that Plaintiff filed a brief Amended Complaint that appears to be a supplement to his Complaint. Accordingly, the Court has considered the Complaint and the Amended Complaint in its review of the Report.

requested. *Id.* at 2–3. The Court overrules Plaintiff's objections.

Concerning Plaintiff's allegations that Blackwell and Ravenell should have been aware that he was at risk for harm because of double-celling and that they failed to supervise or train Kicinski, the Court finds these claims were properly evaluated by the Magistrate. In his Complaint, Plaintiff fails to present any evidence beyond his own conclusory allegations that either Blackwell or Ravenell had actual or constructive knowledge that Kicinski or other officers were deliberately indifferent to a specific and known risk of harm to Plaintiff. *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds*, 490 U.S. 228 (1989) (holding that conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.); *Green v. Beck*, 539 F. App'x 78 (4th Cir. 2013) (holding that, in order to maintain a claim for supervisory liability, a plaintiff must allege "that the supervisor had actual or constructive knowledge that his subordinate[s were] engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury" to plaintiff, "the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices," and "there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." ).

Additionally, a defendant cannot be liable under § 1983 merely because they are a supervisor or manager. The doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions. *See Vinnedge v. Gibbs*, 550 F.2d 926, 927–29 (4th Cir. 1977); *see also Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). Accordingly, Defendants are

entitled to summary judgment with respect to Plaintiff's claims against Blackwell and Ravenell.[2]

***Defendants' Objections***

Defendants object to the Magistrate's recommendation that their Motion be denied with respect to Plaintiff's claims against Kicinski in his individual capacity. ECF No. 93. Defendants contend that Plaintiff's allegations fail to establish either the requisite objective or subjective component to maintain a claim for failure to protect. Specifically, Defendants contend that Plaintiff has not established that he was exposed to a substantial risk of harm in that if nothing was done, he would almost certainly be seriously harmed. Moreover, regarding the subjective component, Defendants assert that Plaintiff failed to inform Kicinski that he had been threatened with serious physical harm or that he feared for his life. Defendants also argue that any investigation into whether Plaintiff should have been moved would have taken too long to prevent the fight; they allege Kicinski had no authority to remove Plaintiff from his cell without permission and that he followed procedure to stop the fight once he realized that it had begun. The Court disagrees and overrules the objections.

To establish a failure to protect claim, a prisoner must make two showings: first, that he suffered significant injury or was "incarcerated under conditions posing a substantial risk

---

[2]The Court notes that Plaintiff generally alleges that these Defendants should have been aware that he was at risk of harm because of the many instances of violence that result from double-celling. As previously noted, a plaintiff's conclusory allegations without more are insufficient to foreclose summary judgment. *See Ross,* 759 F.2d at 365 . Moreover, to the extent Plaintiff intends to raise an objection to the Court's prior orders regarding discovery, any appeal of these Orders is untimely. *See* ECF No. 70 (Order denying Plaintiff's Motion to Compel filed on December 21, 2017); Fed. R. Civ. P. 72(a) (allowing 14 days to object to an magistrate judge's ruling on a non-dispositive motion).

of serious harm"; and second, that the prison official at issue had a "sufficiently culpable state of mind." *Makdessi v. Fields*, 789 F.3d 126, 133 (4th Cir. 2015) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1970)). Under the first prong, the objective inquiry, "a prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions, or demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (internal citations omitted). The second showing is subjective and requires proof of deliberate indifference. *See Toomer v. Baltimore City Det. Ctr.*, No. DKC 12-0083, 2014 WL 4678712, at *3 (D. Md. Sept. 18, 2014) ("In order to prevail on a claim of failure to protect from violence, [a plaintiff] must establish that [the defendants] exhibited deliberate or callous indifference to a specific known risk of harm." (citing *Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987)). Ultimately, "the test is whether the [prison officials] know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so." *Brown v. N.C. Dep't of Corr.*, 612 F.3d 720. 723 (4th Cir. 2010) (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)).

Here, Plaintiff has alleged facts sufficient to survive Defendants' Motion for Summary Judgment. With respect to the objective component, Plaintiff alleges that he told Kicinski twice that he and his cellmate were about to fight. As noted in the Report, Plaintiff and his cellmate were arguing at the time that Kicinski was making his rounds and at least two other inmates could tell that the argument was on the verge of escalating into a physical confrontation. With respect to the subjective component, Plaintiff provides the affidavits of two witnesses who aver that Kicinski told Plaintiff and his cellmate to "go ahead and fight"

and delayed responding to the fight until another officer arrived. ECF No. 78-2 at 5–10; *see Kartman v. Markle*, 582 F. App'x 151, 154 (4th Cir. 2014) (finding that summary judgment was appropriate where the plaintiff's verified complaint provided undisputed evidence that the defendant prison official saw plaintiff being assaulted and unreasonably delayed breaking up the fight). Accordingly, Defendants' Motion for Summary Judgment should be denied with respect to this claim.[3]

Defendants also argue that Kicinski is entitled to qualified immunity. This is the same argument raised in Defendants' Motion. The Court finds that the Report accurately states and applies the qualified immunity standard to the facts in this case and does not repeat the analysis here.

## **CONCLUSION**

Accordingly, the Court adopts and incorporates the Report and Recommendation of the Magistrate Judge. Defendants' Motion for Summary Judgment is **GRANTED** with respect to Plaintiff's claims against Defendants in their official capacities and with respect to Plaintiff's claims against Blackwell and Ravenell. Defendants' Motion is **DENIED** as to Plaintiff's claim against Kicinski in his individual capacity.

IT IS SO ORDERED.

                                                s/ Donald C. Coggins, Jr.
                                                United States District Judge

---

[3] Defendants' argument that there would not have been time to move Plaintiff and that Kicinski did not have the authority to remove him from his cell is not compelling. As the Magistrate points out in the Report, Kicinski never notified his supervisors of his request; thus, it is pure speculation to assume that Plaintiff could not have been moved before the altercation.

May 16, 2018
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.