UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Matthew J. Ward, | ) | C/A No. 4:17-cv-00367-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Jacek Kicinski, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion for Reconsideration of the Court's Order entered May 16, 2018 ("the May Order"), pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. ECF No. 107. Specifically, Defendant seeks reconsideration of Court's decision in the May Order, ECF No. 101, denying Defendants'[1] Motion for Summary Judgment, ECF No. 58, as to qualified immunity and Plaintiff's claim that Defendant failed to protect him. ECF No. 107. Plaintiff opposes Defendant's Motion for Reconsideration asserting that he fails to meet the standard for reconsideration. ECF No. 108. For the reasons stated below, the Court denies Defendant's Motion for Reconsideration.[2]

---

[1]Defendants James Blackwell and Tamara Ravenell were terminated from this action by the Order of this Court ruling on the Motion for Summary Judgment. ECF No. 101.

[2]The Report and Recommendation issued by the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.) contains a thorough recitation of the relevant factual and procedural background of this matter and is incorporated herein by reference. *See* ECF No. 87 at 1–5.

## APPLICABLE LAW AND ANALYSIS

### *Rule 59(e)*

Rule 59 of the Federal Rules of Civil Procedure allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief. *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

### *The Court's Review*

In his Motion, Defendant does not make any arguments for reconsideration referencing either an intervening change in controlling law or new evidence previously unavailable. Therefore, the Court construes Defendant's Motion as seeking reconsideration on the basis that it would be an error of law or manifest injustice if the Court failed to reverse its decision denying in part Defendants' Motion for Summary

Judgment as to qualified immunity with respect to Defendant and/or Plaintiff's claim for failure to protect against Defendant.

### *Failure to Protect*

In the May Order, the Court found there exists a genuine issue of material fact with respect to whether Defendant violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by failing to protect him from harm. Defendant's arguments in this Motion are almost an exact recitation of his arguments presented in the objections to the Report and Recommendation. *See* ECF Nos. 93 at 3–9; 107 at 5–10. Briefly, Defendant argues that Plaintiff has failed to establish that he was exposed to a substantial risk of serious harm or that Defendant was deliberately indifferent to his safety. ECF No. 107 at 5–10. These arguments have already been ruled upon. Moreover, the Court has reviewed its analysis of these arguments and concludes that the decision denying summary judgment as to Plaintiff's failure to protect claim against Defendant does not result in the commission of either clear error or manifest injustice.[3] Accordingly, the Motion is denied with respect to this argument.

---

[3]Clear error occurs when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey*, 532 F.3d 326, 336 (4th Cir. 2008) (internal quotation marks omitted); *see also United States v. Martinez-Melgar*, 591 F.3d 733, 738 (4th Cir. 2010) ("[C]lear error occurs when a district court's factual findings are against the clear weight of the evidence considered as a whole.") (internal quotation marks omitted); *Miller v. Mercy Hosp., Inc.*, 720 F.2d 356, 361 n.5 (4th Cir. 1983) (explaining that a district court's factual finding is clearly erroneous if "the finding is against the great preponderance of the evidence") (internal quotation marks omitted). Manifest injustice occurs where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . ." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (citations omitted).

*Qualified Immunity*

Defendant seeks reconsideration of the May Order on the basis that he is entitled to qualified immunity as to the failure to protect claim. Qualified immunity offers complete protection "from liability for civil damages" for government officials sued in their individual capacities as long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "In resolving questions of qualified immunity at summary judgment, courts engage in a two-pronged inquiry." *Tolan v. Cotton*, ——U.S. ——, 134 S. Ct. 1861, 1865 (2014). "The first asks whether the facts, '[t]aken in the light most favorable to the party asserting the injury, . . . show the officer's conduct violated a [federal] right [.]'" *Id*. (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). "The second prong of the qualified-immunity analysis asks whether the right in question was 'clearly established' at the time of the violation." *Id*. at 1866 (citing *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). For the second prong, "'the salient question . . . is whether the state of the law' at the time of an incident provided 'fair warning' to the defendants 'that their alleged conduct was unconstitutional.'" *Id*. (quoting *Hope*, 536 U.S. at 741). "Courts have discretion to decide the order in which to engage these two prongs." *Id*. (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

Once the Court determined that Plaintiff's Eighth Amendment failure to protect claim survives summary judgment, Defendant's entitlement to qualified immunity depends on whether the constitutional right was "clearly established" at the time of the events at issue. Here, the events are alleged to have taken place on December 19, 2015. ECF Nos. 1, 32.

At that time, it was clearly established that prison officials have a duty to protect inmates from serious harm inflicted by others. *See Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987) ("The [E]ighth [A]mendment protects a convicted inmate from physical harm at the hands of fellow inmates resulting from the deliberate or callous indifference of prison officials to specific known risks of such harm."); *see also Cox v. Quinn*, 828 F.3d 227 (4th Cir. 2016) ("It has long been established that jail officials have a duty to protect inmates from a substantial and known risk of harm, including harm inflicted by other prisoners."). Accordingly, the Motion is denied with respect to this argument.

## CONCLUSION

For the foregoing reasons, the Court DENIES [107] Defendant's Motion for Reconsideration of the Order entered on May 16, 2018.

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Judge

July 12, 2018
Spartanburg, South Carolina